UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HAKAN YURDAKUL,

                                Plaintiff,

                                                                               DECISION AND ORDER

                                                                               11-CV-6508L

                        v.

COMMISSIONER OF SOCIAL SECURITY,


                                Defendant.
_____

       Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On September 23, 2005, plaintiff, then thirty-one years old, filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since June 27, 2000, due to lower back pain and a right arm injury. (T. 93-94). His application was initially denied. (T. 22, 24). Plaintiff requested a hearing, which was held on May 28, 2008 before Administrative Law Judge ("ALJ") Jerome Hornblass. (T. 83-86, 357-68). The ALJ issued a decision on June 23, 2008, concluding that plaintiff was not disabled under the Social Security Act. (T. 56-57). The Appeals Council granted a request by plaintiff for review, and remanded the matter for further proceedings. (T. 42-47). A second hearing was held September 17, 2009 before ALJ Brian Kane. (T. 306-56). ALJ Kane considered the case de novo, and issued a decision denying plaintiff's claim on November 4, 2009. (T. 11-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 23, 2011. (T. 5-7). Plaintiff now appeals.

The plaintiff has moved (Dkt. #7), and the Commissioner has cross moved (Dkt. #11), for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, the Commissioner's motion (Dkt. #11) is granted, plaintiff's motion (Dkt. #7) is denied, and the complaint is dismissed.

DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Kane issued a thorough, ten-page decision analyzing plaintiff's claim of disability, and supported his findings with evidence of record. Upon careful review, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ set forth the medical evidence in detail, with special focus on plaintiff's low back pain, depression and panic attacks, which he determined constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a thirty-five- year-old man with a 2-year community college degree and past employment as a machine operator, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including telephone quotation clerk, charge account clerk, addresser and receptionist.

In determining plaintiff's RFC, the ALJ considered, among other things, plaintiff's treatment for low back pain, a consulting psychologist's diagnosis of a panic disorder and obsessive-compulsive disorder, and activities of daily living. (T. 14-15). Based on this evidence, and given plaintiff's stipulation that his mental impairment does not pose any appreciable limitations on his functioning (T.354-55), the ALJ determined that plaintiff retained the residual functional capacity to perform sedentary work, with the following limitations: ability to change positions every 30 minutes, and occasional lifting, carrying, pushing or pulling of up to ten pounds. I find that this determination is supported by the substantial evidence cited by the ALJ.

Although plaintiff initially claims that the ALJ should have found that he met the requirements of Listing 1.04A (a spinal disorder which compromises a nerve root or spinal cord, with accompanying evidence of nerve root compression). However, plaintiff's medical records lack sufficient evidence of nerve root or spinal cord compromise, such as muscle atrophy, weakness, sensory or reflex loss, or affected gait, to meet the standard for Listing 1.04A.

Plaintiff also claims that in determining plaintiff's RFC, the ALJ failed to properly consider, let alone grant controlling weight, to the opinions of treating physicians Dr. Mark Utell and Dr. Rathin Vora. Specifically, Dr. Vora rendered a conclusory opinion that plaintiff was "100 percent" impaired due to chronic low back pain (T. 299), and Utell opined that due to lower back pain aggravated by changes in position, plaintiff was "never" able to climb, balance, stoop, crouch, kneel

or crawl, and was limited in his ability to handle, push and pull, due to back pain and ambulatory issues (e.g., use of a cane, difficulty with straight leg raising). (T. 244-246).

Initially, I note that Dr. Vora's opinion as to ultimate disability is not entitled to controlling weight, as it is unsupported by any objective findings. With respect to Dr. Utell, his opinions were described at length by the ALJ. The ALJ fully explained his reasoning in rejecting those opinions, which he noted were "contradicted by virtually every other physician in the record, including Dr. Auerbach of [the same] clinic." (T. 18.) The ALJ also observed that Dr. Utell's assessment of the severity of plaintiff's impairments due to back pain was belied by "repeated observations of pain magnification behaviors [by plaintiff] throughout the record" and plaintiff's repeated refusals to attempt doctor-recommended pain treatments, surgical procedures and/or physical therapy, all of which appeared to conflict with his complaints of unbearable discomfort and physical disability. (T. 16, 18). Given the disharmony between Dr. Utell's opinion and the rest of plaintiff's medical records, the ALJ was entitled to decline deference to it. *See generally Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) ("the medical opinion of a claimant's treating physician is given controlling weight *if it is well supported by medical findings and not inconsistent with other substantial record evidence*") (emphasis added).

On the whole, the plaintiff's medical records and treating and examining physician reports simply do not support his claim of total disability. As such, I concur with the ALJ and conclude that his RFC determination is supported by substantial evidence. There is no dispute that the positions identified by vocational expert Peter Manzi at the plaintiff's hearing – telephone quotation clerk, charge account clerk, addresser and receptionist, are consistent with this RFC, as well as with plaintiff's age, educational background and past work experience. As such, I find no reason to modify the ALJ's decision.

CONCLUSION

The plaintiff's motion for judgment on the pleadings (Dkt. #7) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is granted. The Commissioner's decision that plaintiff, Hakan Yurdakul, was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 4, 2012.